3/4/2019 12:45 PM
19CV09834

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **JOSEPH BRINKMANN**, an individual,<br><br>　　　　　**Plaintiff**,<br><br>　　v.<br><br>**TUALITY HEALTHCARE,** domestic nonprofit,<br><br>　　　　　**Defendant**. | Case No.<br><br>**COMPLAINT (Wage Claim)**<br><br>**Claims estimated to be approximately $17,318.96**<br><br>**Subject To Filing Fee under ORS 21.160(1)(b)**<br><br>**Subject to Mandatory Arbitration**<br><br>**JURY TRIAL DEMANDED** |

　　Comes now the Plaintiff, Joseph Brinkmann, by and through the attorneys at Schuck Law, LLC, and states and alleges as follows:

1.

　　At all material times, Defendant employed Plaintiff in Oregon State.

2.

　　At all material times, Defendant was a domestic nonprofit corporation.

3.

　　At all material times, Defendant was doing business in Oregon.

4.

　　The Circuit Court of Oregon has personal jurisdiction over Defendant because it is an Oregon nonprofit and was created under the laws of Oregon.

5.

　　The Circuit Court of Oregon has personal jurisdiction over Defendant because it is

Page 1 - Complaint

engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendant within Oregon.

6.

Plaintiff began working for Defendant on or about June 26, 2017.

7.

Defendant employed Plaintiff as an at-will employee.

8.

Defendant did not contract with Plaintiff to work for any specific period of time.

9.

As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

10.

During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

11.

Defendant employed Plaintiff as an employee in the engineering department.

12.

Defendant's work weeks are Sunday through Saturday.

13.

Defendant's pay dates are every other Friday.

14.

Depending on the shift, Plaintiff was entitled to shift differential pay.

15.

Plaintiff regularly worked overtime hours.

///

Page 2 - Complaint

16.

During many of Plaintiff's shifts, he was the only employee in the engineering department.

17.

Defendant had a policy and/or practice that required at least one (1) engineering department employee to be on the premises at all times.

18.

If Plaintiff was the only engineering department employee on duty, Plaintiff was required to remain on the premises and available should Defendant need him.

19.

During any meal periods where Plaintiff was the only engineering department employee, he was required to respond to any calls or pages to engineering.

20.

Defendant programed its time clock where by to round to the nearest quarter hour based on the clock in or out punch.

21.

Defendant had a policy that employees, including Plaintiff, were allowed to clock in or out within seven (7) minutes of the scheduled start or stop times (hereinafter "7 minute rule").

22.

Pursuant to the 7 minute rule, Defendant's time clock rounded the recorded work time away from the employee to the benefit of Defendant.

23.

As a result of the 7 minute rule, Defendant did not pay Plaintiff for all work time.

24.

At the end of Plaintiff's employment, Defendant agreed to pay Plaintiff at the rate of $36.41 per hour.

Page 3 - Complaint

25.

Plaintiff's employment for Defendant ended on January 10, 2019.

26.

Defendant fired Plaintiff unilaterally ending the employment relationship.

27.

Defendant withheld Plaintiff's final paycheck after employment ended because he had not completed a "Final Paycheck Authorization" form.

28.

Defendant's "Final Paycheck Authorization" form states, "If final paycheck authorization is not completed, paycheck will be held in payroll until completion of form or notification from employee is received."

29.

As of January 11, 2019, Defendant had Plaintiff's authorization for direct deposit of wages.

30.

January 11, 2019 was a pay date for Defendant.

31.

Defendant mailed the final check to Plaintiff on or about January 25, 2019.

32.

On or about February 21, 2019, Plaintiff, and his attorney, mailed a written notice to Defendant detailing Plaintiff's wage claims and right to attorney fees.

**CLAIM FOR RELIEF**

(FLSA Overtime, Liquidated Damages)

33.

Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

///

Page 4 - Complaint

1    34.

2    Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29

3    U.S.C. §§ 201-219 ("FLSA").

4    35.

5    During the three year period of employment before filing of this case, Defendant

6    allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for

7    the benefit of Defendant.

8    36.

9    In calculating the overtime rate of pay, Defendant was required to include Plaintiff's

10   wages for shift differential in that calculation.  29 C.F.R. § 778-207.

11   37.

12   Because of Defendant's 7 minute rule, Plaintiff is due additional wages that would

13   qualify as overtime in any work week where he worked over 40 hours.

14   38.

15   Defendant failed to pay Plaintiff 1 ½ times the regular rate for the hours Plaintiff

16   worked in excess of 40 hours for a single workweek as required by the FLSA and there

17   remains due unpaid overtime in an amount to be determined, and estimated to be $4,021.63,

18   subject to amendment at and before trial to conform to available evidence.

19   39.

20   Defendant failed to pay overtime wages and premium wages to Plaintiff as required by

21   the FLSA.

22   40.

23   Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next

24   regularly scheduled pay day under ORS 652.120.

25   41.

26   Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next

Page 5 - Complaint

1 regularly scheduled pay day under the FLSA.

2 42.

3 Defendant's conduct in failing to pay overtime wages and premium wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined but estimated to be $4,021.63, subject to amendment at and before trial to conform to available evidence.

7 43.

8 Plaintiff seeks damages in the form of overtime wages and overtime premium wages for Defendant's failure to pay overtime wages in amounts to be determined. In addition, Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus pre-judgment and post-judgment interest on all damage amounts; costs and attorney fees under the FLSA 29 U.S.C. § 216(b), plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**CLAIM FOR RELIEF**

(Unpaid Regular Wages and Late Payment at Termination Claim)

44.

Plaintiff re-alleges all paragraphs as though fully alleged herein.

45.

Defendant, as an employer in Oregon, is required to follow and comply with Oregon's wage and hour laws and regulations.

46.

Defendant was required to pay Plaintiff all wages on payday, as required by ORS 652.120, and timely at the end of employment, as required by ORS 652.140.

47.

Defendant failed to pay Plaintiff all wages for Plaintiff's work time as recorded in Defendant's time clock system.

Page 6 - Complaint

48.

Defendant did not pay Plaintiff for all work time as a result of meal periods that were not 30 continuous minutes and duty free. OAR 839-020-0050(2).

49.

As a result of the 7 minute rule and short meal periods, Plaintiff is due additional wages estimate to be approximately $537.29 in regular wages.

50.

The unpaid wages that remain due would also be subject to shift differential pay, which is also due.

51.

Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under ORS 652.120.

52.

Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff.

53.

Defendant failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

54.

Defendant was required to pay all of Plaintiff's wages on January 11, 2019.

55.

Defendant failed to pay Plaintiff all wages leaving wages due and owing to Plaintiff.

56.

In paying Plaintiff's wages at the end of employment, Defendant was a free agent.

57.

In paying Plaintiff's wages, Defendant determined its own actions.

Page 7 - Complaint

58.

In paying Plaintiff's wages, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

59.

Defendant knew Plaintiff's employment for Defendant had ended.

60.

Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff at termination.

61.

Defendant was capable of paying all Plaintiff's wages earned and due at termination.

62.

By Defendant mailing Plaintiff's final check on or about January 25, 2019, Defendant's failure to tender and make payment of Plaintiff's final wages when due was willful and continued for not less than 14 days.

63.

Defendant's failure to tender and make payment to Plaintiff for all wages due and owing at the end of employment was wilful and continued for not less than 30 days.

64.

Pursuant to ORS 652.140, Plaintiff is entitled to an award of unpaid wages. Plaintiff estimates the total amount of the unpaid wages to be approximately $537.29, subject to amendment at and before trial to conform to available evidence.

65.

Plaintiff seeks unpaid wages, estimated to be approximately $530.00, along with costs, disbursements and attorney fees, pursuant to ORS 652.200, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

///

Page 8 - Complaint

66.

Because of Defendant's failure to tender and make payment of all wages when due at the end of employment, Plaintiff is due statutory penalty wages estimated to be $8,738.40, pursuant to ORS 652.150 and subject to amendment at and before trial to conform to available evidence, for the continuation of Plaintiff's unpaid wages at and after the end of employment.

67.

Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

68.

Plaintiff seeks his unpaid wages, penalty wages pursuant to ORS 652.150, and costs, disbursements and attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**WHEREFORE**, Plaintiff demands judgment from Defendant:

**Upon Plaintiff's claim for relief for failing to pay FLSA overtime wages**:

1. Unpaid overtime wages in an amount to be determined, estimated to be approximately $4,021.63, subject to amendment at and before trial to conform to available evidence.
2. Liquidated damages under the FLSA in a matching amount of the unpaid overtime wages, estimated to be approximately $4,021.63.
3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.
4. Costs, disbursements, and attorney fees under the FLSA. 29 U.S.C. § 216(b).

**Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

1. Unpaid wages in an amount to be determined, estimated to be approximately $537.29.
2. Statutory penalties pursuant to ORS 652.150 in the amount of $8,738.40.
3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per

Page 9 - Complaint

1 | annum incurred herein, pursuant to ORS 82.010.

2 | 4. Costs, disbursements, and attorney fees pursuant to ORS 652.200.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: March 4, 2019.

s/ Karen A. Moore
KAREN A. MOORE, OSB 040922, WSB 42476
kmoore@wageclaim.org
Attorney for Plaintiff

Page 10 - Complaint

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763